MCGUIREWOODS LLP
PATRICIA L. VICTORY SBN #240114
1800 Century Park East, 8th Floor
Los Angeles, CA 90067
Telephone: 310.315.8200
Facsimile: 310.315.8210
pvictory@mcguirewoods.com

ATTORNEYS FOR MOVANTS

**FILED**
DEC - 9 2010
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

CV 10 80 304 MISC  VRW

| | |
|---|---|
| BRIDGETREE, INC., TWO BIT DOG, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> RED F MARKETING LLC; TARGET POINT, LLC; DANIEL ROSELLI; TENG LI; JASON LI; MALI XU; MARK EPPERLY; and ELTON T. SCRIPTER, <br><br> *Defendants/Counterclaimants.* <br><br> v. <br><br> BRIDGETREE, INC., MARK BECK, and CHRIS TALLEY, <br><br> *Counterclaim Defendants.* | CASE NO. <br><br> WESTERN DISTRICT OF NORTH CAROLINA CIVIL ACTION NO.: 3:10-cv-228-FDW-DSC <br><br> **TUNG LI, MARK EPPERLY, AND DANIEL ROSELLI'S NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA** <br><br> **Oral Argument Requested** <br><br> **DATE:** <br> **TIME:** <br> **DEPT:** |

28039319.1

1

TUNG LI, MARK EPPERLY, AND DANIEL ROSELLI'S MOTION TO QUASH SUBPOENA

FAXED

PLEASE TAKE NOTICE that on _____, 2010 in department ___ of the above referenced Court, Teng Li, Mark Epperly, and Daniel Roselli (collectively, "Movants") and, pursuant to Federal Rule of Civil Procedure 45(3)(A), will respectfully move the Court for an order quashing the Subpoena issued by Plaintiffs demanding copies of Movants' IP history logs and information, messages, emails and all attachments thereto (whether deleted or otherwise), wall posts, tags, notes, links, videos, photos, questions, or other notifications and communications from Movants' internet service provider, Facebook, Inc.  Plaintiffs' Subpoena is an unwarranted invasion of the Movants' privacy and is disallowed by the Stored Communications Act, 18 U.S.C. §§ 2701-12.  A true and correct copy of the subpoena at issue is attached hereto as Exhibit "A".  Declaration of Patricia Victory ("Victory Decl.") ¶ 2, Exh. A, Subpoena to Facebook dated November 17, 2010).

Movants' motion is made upon the following memorandum of points and authorities, and all papers filed in conjunction with this motion, and any argument to be presented at the time of hearing.

DATED: December 9, 2010          MCGUIREWOODS LLP

                                 By: _____
                                     Patricia L. Victory
                                     Attorneys for Movants

28039319.1

2

TUNG LI, MARK EPPERLY, AND DANIEL ROSELLI'S MOTION TO QUASH SUBPOENA

| | |
|---|---|
| MCGUIREWOODS LLP<br>PATRICIA L. VICTORY SBN #240114<br>1800 Century Park East, 8th Floor<br>Los Angeles, CA 90067<br>Telephone: 310.315.8200<br>Facsimile: 310.315.8210<br>pvictory@mcguirewoods.com<br><br>ATTORNEYS FOR MOVANTS | |

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIDGETREE, INC.,<br>TWO BIT DOG, LLC,<br><br>*Plaintiffs*,<br><br>v.<br><br>RED F MARKETING LLC; TARGET POINT, LLC; DANIEL ROSELLI; TENG LI; JASON LI; MALI XU; MARK EPPERLY; and ELTON T. SCRIPTER,<br><br>*Defendants/Counterclaimants*.<br><br>v.<br><br>BRIDGETREE, INC., MARK BECK, and CHRIS TALLEY,<br><br>*Counterclaim Defendants*. | CASE NO. _____<br><br>WESTERN DISTRICT OF NORTH CAROLINA CIVIL ACTION NO.: 3:10-cv-228-FDW-DSC<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO QUASH SUBPOENA**<br><br>**Oral Argument Requested**<br><br>**DATE:**<br>**TIME:**<br>**DEPT:** |

28039319.1

3

TUNG LI, MARK EPPERLY, AND DANIEL ROSELLI'S MOTION TO QUASH SUBPOENA

## MEMORANDUM OF POINTS AND AUTHORITIES

## BACKGROUND

Teng Li, Mark Epperly, and Daniel Roselli (collectively, "Movants") are among the defendants/counterclaim plaintiffs in the above-captioned case, *Bridgetree, Inc., et al. v. Red F Marketing, LLC, et al*, which is currently pending in the United States District Court for the Western District of North Carolina. The case involves Plaintiffs' allegations of theft of trade secret information and other tortious behavior and Movants' counterclaims for tortious interference with contract, defamation, and unfair trade practices. The parties are currently engaged in discovery and have served each other with extensive requests for the production of documents. Plaintiffs have served Movants with document requests sufficient to encompass much of the relevant information requested in the subpoena, i.e., communications relevant to Plaintiffs' claims and defendants and/or Movants' defenses and counterclaims. Rather than content themselves with the normal course of discovery, Plaintiffs have also served the subpoena currently at issue upon Facebook, Inc., on November 17, 2010. Movants sent a letter to Facebook, Inc., on December 2, 2010, indicating that Movants do not consent to any of the disclosures stated in the subpoena.

## ARGUMENT

Pursuant to Fed.R.Civ.P. 45, a party may issue a subpoena for records. However, this discovery tool is not unlimited. Movants may move to quash the subpoena if the subpoena does not permit enough time to comply, requires a person to appear more than 100 miles from the person's residence, requires the disclosure of privileged or other protected matter, or subjects a person to undue burden. Fed.R.Civ.P. 45(c)(3). Pursuant to the foregoing rule, the Court **must** quash or modify the subpoena if any of the foregoing reasons to quash exist. *Id. See also Hernandez v. City of Napa*, 2010 U.S. Dist. LEXIS 88045 (N.D. Cal. July 29, 2010)

("[T]he Court 'must' quash or modify a subpoena that requires disclosure of privileged or other protected matter, or subjects a person to undue burden.").

Plaintiffs have issued a Subpoena from this Court to Facebook, Inc. for copies of Movants' IP history logs and information, messages, emails and all attachments thereto, wall posts, tags, notes, links, videos, photos, questions, or other notifications and communications. This Subpoena is governed by the Stored Communications Act, 18 U.S.C. § 2701 et seq. (the "SCA"). The SCA states in pertinent part:

(a) Prohibitions.--Except as provided in subsection (b) or (c)--

(1) a person or entity providing an electronic communication service to the public shall not knowingly divulge to any person or entity the contents of a communication while in electronic storage by that service; and

(2) a person or entity providing remote computing service to the public shall not knowingly divulge to any person or entity the contents of any communication which is carried or maintained on that service--

(A) on behalf of, and received by means of electronic transmission from (or created by means of computer processing of communications received by means of electronic transmission from), a subscriber or customer of such service;

(B) solely for the purpose of providing storage or computer processing services to such subscriber or customer, if the provider is not authorized to access the contents of any such communications for purposes of providing any services other than storage or computer processing; and

(3) a provider of remote computing service or electronic communication service to the public shall not knowingly divulge a record or other information pertaining to a subscriber to or customer of such service (not including the contents of communications covered by paragraph (1) or (2)) to any governmental entity.

(b) Exceptions for disclosure of communications.-- A provider described in subsection (a) may divulge the contents of a communication--

(1) to an addressee or intended recipient of such communication or an agent of such addressee or intended recipient;

(2) as otherwise authorized in section 2517, 2511(2)(a), or 2703 of this title;

(3) with the lawful consent of the originator or an addressee or intended recipient of such communication, or the subscriber in the case of remote computing service;

(4) to a person employed or authorized or whose facilities are used to forward such communication to its destination;

(5) as may be necessarily incident to the rendition of the service or to the protection of the rights or property of the provider of that service;

(6) to the National Center for Missing and Exploited Children, in connection with a report submitted thereto under section 2258A;

(7) to a law enforcement agency--

   (A) if the contents--

      (i) were inadvertently obtained by the service provider; and

      (ii) appear to pertain to the commission of a crime; or

(8) to a governmental entity, if the provider, in good faith, believes than an emergency involving danger of death or serious physical injury to any person requires disclosure without delay of communications relating to the emergency.

(c) Exceptions for disclosure of customer records.--A provider described in subsection (a) may divulge a record or other information pertaining to a subscriber to or customer of such service (not including the contents of communications covered by subsections (a)(1) or (a)(2))--

(1) as otherwise authorized in section 2703;

(2) with the lawful consent of the customer or subscriber;

(3) as may be necessarily incident to the rendition of the service or to the protection of the rights or property of the provider of that service;

(4) to a governmental entity, if the provider, in good faith, believes that an emergency involving danger of death or serious physical injury to any person requires disclosure without delay of information relating to the emergency;

(5) to the National Center for Missing and Exploited Children, in connection with a report submitted thereto under section 2258A; or

(6) to any person other than a governmental entity.

18 U.S.C. § 2702.

In *In Re Subpoena Duces Tecum to AOL*, 550 F. Supp. 2d 606 (E.D.Va. 2008), the Eastern District of Virginia was called upon to decide an issue substantially similar to the one at bar. The Defendant had issued a subpoena to AOL requesting email records of the plaintiff in a civil case. The Plaintiff moved to quash the subpoena relying on the SCA. The Court gave a thorough analysis to the SCA and stated:

> The statutory language of the Privacy Act must be regarded as conclusive because it contains plain and unambiguous language and a coherent and consistent statutory scheme. Section 2701 clearly establishes a punishable offense for intentionally accessing without or exceeding authorization and obtaining electronic communications stored at an electronic communication service facility. 18 U.S.C. § 2701 (2000). Section 2702 plainly prohibits an electronic communication or remote computing service to the public from knowingly divulging to any person or entity the contents of customers' electronic communications or records pertaining to subscribing customers. *Id.* § 2702(a). Additionally, § 2702 lists unambiguous exceptions that allow an electronic communication or remote

computing service to disclose the contents of an electronic Communication or subscriber information. *Id.* § 2702(b-c). Section 2703 provides instances related to ongoing criminal investigations where a governmental entity may require an electronic communication or remote computing service to disclose the contents of customers' electronic communications or subscriber information. *Id.* § 2703. Protecting privacy interests in personal information stored in computerized systems, while also protecting the Government's legitimate law enforcement needs, the Privacy Act creates a zone of privacy to protect internet subscribers from having their personal information wrongfully used and publicly disclosed by "unauthorized private parties," S.Rep. No. 99-541, at 3 (1986), *as reprinted in* 1986 U.S.C.C.A.N. 3555, 3557.

*Id.* at 609-10. Having found that the SCA seeks a balance between the subscriber's privacy interest and law enforcement's needs, the Court analyzed several cases regarding the issuance of a subpoena to an internet service provider including, *Theofel v. Farey-Jones*, 359 F.3d 1066, 1071-72, 1077 (9th Cir. 2004); *J.H. Desnick, M.D., Eye Serv., Ltd. v. ABC*, 44 F.3d 1345, 1352 (7th Cir.1995); *Federal Trade Commission v. Netscape Comms. Corp.*, 196 F.R.D. 559, 559, 561 (N.D.Cal.2000); *O'Grady v. Superior Court*, 2006 Cal. App. LEXIS 802, *2-3 (Ct. App. Cal. May 26, 2006). In all those cases, the courts concluded that the SCA does not permit a party to demand electronic communications by subpoena in civil discovery from an internet service provider. Ultimately, the Court held, "Applying the clear and unambiguous language of § 2702 to this case, AOL, a corporation that provides electronic communication services to the public, may not divulge the contents of the Rigsbys' electronic communications to State Farm because the statutory language of the Privacy Act does not include an exception for the

disclosure of electronic communications pursuant to civil discovery subpoenas." *In Re Subpoena Duces Tecum to AOL* at 611.

Indeed, in *O'Grady*, a case involving issues similar to those now before the Court, the California Court of Appeals acknowledged the SCA's prohibitions on producing electronic communications in civil disputes. *O'Grady*, 2006 Cal. App. LEXIS 802 at *2-3. In that case, a civil plaintiff sent subpoenas to an internet service provider in order to obtain evidence relating to the theft of trade secrets. *Id.* The California court plainly rejected plaintiff's argument that the SCA contained an implied exception for civil discovery. Accordingly, the court quashed the subpoena. *Id.* at *3. *See also Crispin v. Christian Audigier, Inc.*, 2010 U.S. Dist. LEXIS 52832 (C.D.Ca. May 26, 2010) (quoting William Jeremy Robison, Note, *Free at What Cost? Cloud Computing Privacy Under the Stored Communications Act*, 98 GEO. L.J. 1195, 1196 (2010)) ("Among the [SCA]'s most significant, although unstated, privacy protections is the ability to prevent a third party from using a subpoena in a civil case to get a user's stored communications or data directly from an ECS or RCS provider"); *Flagg v. City of Detroit*, 252 F.R.D. 346, 366 (E.D. Mich. 2008) (holding that a party should serve the defendant to obtain contents of communications rather than a third-party because "it is apparent" that third-party disclosure of contents of a communication pursuant to the subpoena is unlawful under § 2702(a)); *Viacom Int'l v. YouTube*, 253 F.R.D. 256 (S.D.N.Y. 2008) ("§ 2702 contains no exception for disclosure of [the content of subscriber] communications pursuant to civil discovery requests.").

In the case at bar, Plaintiffs are seeking civil discovery regarding the Movants. In doing so, the Plaintiffs have sent a Subpoena to Facebook, Inc. demanding copies of all of Movants' IP history logs and information, messages, emails and all attachments thereto, wall posts, tags, notes, links, videos, photos, questions, or other notifications and communications. Movants have a substantial and legitimate interest in the privacy of this information. The information

demanded is not subject to disclosure under the SCA and the SCA makes no exception for civil subpoenas. As such, pursuant to Federal Rule 45(c)(3), this Court must quash Plaintiffs' Subpoena.

Additionally, even without the SCA's broad prohibitions, Movants has used his account with Facebook, Inc. for personal communications wholly unrelated to the subject matter of this litigation. The subpoena is therefore overly broad, seeking the disclosure of a broad range of information -- much of it personal -- that is not relevant to the instant litigation and should be quashed.

WHEREFORE, Movants prays that this Honorable Court quash the Subpoena issued by Plaintiffs to Facebook, Inc. and grant any further relief that the Court finds to be just and equitable.

DATED: December 9, 2010        MCGUIREWOODS LLP

                               By: /s/ Patricia L. Victory
                               Patricia L. Victory
                               Attorneys for Movants

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 1800 Century Park East, 8th Floor, Los Angeles, CA 90067.

On December 9, 2010, I served the following document(s) described as **TUNG LI, MARK EPPERLY, AND DANIEL ROSELLI'S NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA** on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

*See attached service list.*

☒ **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Los Angeles, CA, on that same day following ordinary business practices. (C.C.P. § 1013 (a) and 1013a(3))

☐ **BY FACSIMILE:** At approximately ____, I caused said document(s) to be transmitted by facsimile pursuant to Rule 2008 of the California Rules of Court. The telephone number of the sending facsimile machine was 310.315.8210. The name(s) and facsimile machine telephone number(s) of the person(s) served are set forth in the service list. The document was transmitted by facsimile transmission, and the sending facsimile machine properly issued a transmission report confirming that the transmission was complete and without error.

☐ **BY OVERNIGHT DELIVERY:** I deposited such document(s) in a box or other facility regularly maintained by the overnight service carrier, or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier with delivery fees paid or provided for, addressed to the person(s) served hereunder. (C.C.P. § 1013(d)(e))

☐ **BY HAND DELIVERY:** I delivered such envelope(s) by hand to the office of the addressee(s). (C.C.P. § 1011(a)(b))

☐ **BY PERSONAL SERVICE:** I personally delivered such envelope(s) to the addressee(s). (C.C.P. § 1011)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December 9, 2010, at Los Angeles, CA.

*Dana Chan*

28039319.1

1

TUNG LI, MARK EPPERLY, AND DANIEL ROSELLI'S MOTION TO QUASH SUBPOENA

## SERVICE LIST

J. Mark Wilson
Kathryn G. Cole
Moore & Van Allen PLLC
Suite 4700
100 North Tryon Street
Charlotte, NC 28202-4003
Telephone: (704) 331-1000
Facsimile: (704) 339-5981
Email: markwilson@mvalaw.com
  katecole@mvalaw.com

Steven C. Schroer
Fitch, Even, Tabin & Flannery
1942 Broadway, Suite 213
Boulder, Colorado 80302
Telephone: (303) 402-6966
Facsimile: (303) 402-6970
Email: scschr@fitcheven.com

Christian R. Eriksen
Edward W. Gray
Fitch, Even, Tabin & Flannery
One Lafayette Center, Suite 750S
1120 20th Street, NW
Washington, DC 20036
Telephone: (202) 419-7000
Facsimile: (202) 419-7007
Email: ceriksen@fitcheven.com
  egray@fitcheven.com

Christine Abuel Pompa
Mark Andrew Borsos
Fitch, Even, Tabin & Flannery
120 S. LaSalle St., Suite 1600
Chicago, IL 60603
Telephone: 312-577-7000
Facsimile: 312-577-7007
Email: cpompa@fitcheven.com
  mborsos@fitcheven.com

*Attorneys for the Plaintiffs/Counterclaim Defendant Bridgetree, Inc.*

Louis Adams Bledsoe, III
Kate Payerle
Robinson, Bradshaw & Hinson, P. A.
101 North Tryon St., Suite 1900
Charlotte, NC 28246
Telephone: 704-377-8339
Facsimile: 704-373-3939
Email: lbledsoe@rbh.com
  kpayerle@rbh.com

*Attorneys for Defendant Elton T. Scripter*

Mel Joseph Garofalo
Hedrick Gardner Kincheloe & Garofalo
PO Box 30397
Charlotte, NC 28230
Telephone: 704-319-5444
Fax: 704-602-8075
Email: mgarofalo@hedrickgardner.com

*Attorney for Counterclaim Defendants*

28039319.1

3

TUNG LI, MARK EPPERLY, AND DANIEL ROSELLI'S MOTION TO QUASH SUBPOENA