FITCH, EVEN, TABIN & FLANNERY
Jon A. Birmingham (California Bar No. 271034)
Warner Center Towers
21700 Oxnard Street, Suite 1740
Woodland Hills, CA  91367
Telephone:  (818) 715-7025
Facsimile:  (818) 715-7033
Email:  jbirmi@fitcheven.com

FITCH, EVEN, TABIN & FLANNERY
Edward W. Gray, Jr. (California Bar No. 80996)
One Lafayette Centre, NW
Washington, DC  20036
Telephone:  (202) 419-7000
Facsimile:  (202) 419-7007
Email:  egray@fitcheven.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIDGETREE, INC., and<br>TWO BIT DOG, LLC,<br><br>          Plaintiffs,<br><br>     vs.<br><br>RED F MARKETING LLC;<br>TARGET POINT, LLC,<br>DANIEL ROSELLI;<br>TENG LI;<br>JASON LI;<br>MALI XU;<br>MARK EPPERLY; and<br>ELTON T. SCRIPTER.<br><br>          Defendants. | Case No. 3:10-MC-80304-VRW<br><br>**PLAINTIFFS' OPPOSITION TO TENG LI, MARK EPPERLY, AND DANIEL ROSELLI'S MOTION TO QUASH SUBPOENA TO FACEBOOK, INC.**<br><br>HEARING DATE:  January 27, 2011<br><br>**Time: 10:00 a.m.**<br><br>**Courtroom: 6** |

**I.     Introduction**

Plaintiffs Bridgetree, Inc. and Two Bit Dog, LLC ("Bridgetree") submit this Opposition to the

1

motion filed by Defendants Teng Li, Mark Epperly, and Daniel Roselli (collectively "Defendants") to quash the subpoena served upon Facebook, Inc.[1]  The subpoena seeks information from Defendants' Facebook accounts showing or containing communications with the other named Defendants in a trade secret misappropriation case that includes claims of a conspiracy violative of RICO.  Facebook will not provide content of messages, postings to users' "walls," etc. without consent of the user.  For the reasons presented herein, Defendants' Motion to Quash should be denied.  In the alternative, any decision on the Motion to Quash should be deferred until the parties have been able to complete ongoing negotiations regarding the handling of the documents and information subject to the subpoena.

Defendants' motion to quash is based almost entirely on the provisions of the Stored Communications Act ("SCA").  However, one of the exceptions to limitations on disclosure of the content of communications under the SCA is the consent of the customer or subscriber.  18 U.S.C. § 2701(c)(2).  Bridgetree has attempted to obtain the Defendants' consent and agreed to a production screening protocol that fully addresses Defendants' privacy and privilege concerns (Borsos Decl. ¶¶ 7-8, Exs. 7-9), and Defendants' counsel has indicated that at least some of the documents sought through the subpoena should be discoverable (Borsos Decl. ¶ 8, Ex. 9).

Negotiations are ongoing between the parties, and are expected to result in a mutually agreeable protocol for handling the third party documents and information that are the subject of the subpoena.  More specifically, Bridgetree has agreed to limit the documents and information requested in the subpoena to exclude irrelevant matter and to allow Defendants' counsel to screen any produced documents for privilege claims prior to receipt by Bridgetree's counsel.  Therefore, the motion to quash should be denied, or at the very least consideration of the motion should be postponed until the parties

---

[1] Defendant Scripter separately filed a motion to quash regarding this subpoena, due to the fact that the subpoena also calls for documents relating to Scripter's Facebook account.  This opposition brief relates to the motion to quash filed by Li, Epperly, and Roselli, and the portions of the subpoena directed to accounts owned by those individuals.  A separate opposition brief filed herewith addresses portions of the subpoena subject to Scripter's motion to quash.

have had a full chance to resolve disputes regarding the subpoena without intervention by the Court.

## II.   The Parties Are Currently Negotiating A Mutually Agreeable Modification To The Subpoena That Would Address Defendants Concerns, And Therefore The Motion To Quash Cannot Be Granted

Counsel for the parties have already discussed this and other subpoenas directed to third parties. After a conference call on December 20, 2010, it was generally agreed that Defendants would consent to the Facebook production if they were first given an opportunity to screen the documents for privileged and irrelevant personal communications, and that they would search the Facebook documents for relevant communications using a to-be-determined set of key words. (Borsos Decl. ¶¶ 7-8, Ex. 7.) On December 21, 2010, Counsel for Bridgetree proposed a written protocol for handling the documents subject to the subpoena. (Borsos Decl. ¶ 8, Ex. 7.) Defendants indicated a general willingness to cooperate and to negotiate specific aspects of the protocol outlined by Bridgetree. (Borsos Decl. ¶ 8, Ex. 9.) Due to these ongoing negotiations between the parties, no reason to quash the subpoena exists.

## III.   The Stored Communications Act Does Not Require This Court To Quash The Subpoena

Contrary to Defendants' argument, the Stored Communications Act, 18 U.S.C. § 2701 et al. ("SCA") does not prohibit disclosure of the requested communications. Rather, the SCA sets forth "Exceptions for disclosure of communications" and for "Disclosure of Customer Records" wherein a provider, such as Facebook, must divulge the contents of a communication, record, or other information pertaining to a customer "with the lawful consent" of the originator or customer. 18 U.S.C. §§ 2702(b)(3) and (c)(2). The record shows that Bridgetree attempted to follow this procedure, as evidenced by the cover letter accompanying the subpoena, wherein Bridgetree's counsel requests Facebook's consent form. (Borsos Decl. ¶ 4, Ex. 4.)

Simply quashing the subpoena is inappropriate in this instance. Defendants' ability to consent to disclosure of documents by Facebook clearly indicates that the subject documents are in the joint

"possession, custody or control" of Defendants and Facebook within the meaning of both Rules 34(a)(1) and 45(a)(1)(iii).  *City of Seattle v. Prof'l Basketball Club, LLC*, 2008 US Dist. LEXIS 108533, at *2-5, 2008 WL 539809 at *1-2 (W.D. Wash. 2008) ("[c]ontrol is defined as the legal right to obtain documents upon demand. . . . Documents may be within the 'custody' or 'control' of a party even thought [sic] they are in the possession of nonparties") (internal citations omitted)).  Defendants have a duty under Rule 34 to provide their consent to Facebook's production of content.

The case law cited by Defendants acknowledges that a district court can order the email subscriber to consent to the provider's disclosure of the contents of their emails.  *In re Subpoena Duces Tecum to AOL, LLC*, 550 F.Supp.2d 606, 615 n.5 (E.D. Va. 2008); *O'Grady v. Superior Court*, 44 Cal.Rptr.3d 72, 88 (App. Ct. 2006).  In light of this, Bridgetree requests that this Court order Defendants to consent to Facebook's production of the subpoenaed communications and records.  Bridgetree's willingness to allow Defendants' counsel to screen the documents for privileged and irrelevant information alleviates any privacy concerns that the SCA was intended to protect.

**IV.    The Liberal Scope Of Discovery Under The Rules Requires That Defendants' Motion To Quash Be Denied**

Given the liberal scope of discovery permitted under the modern rules, Defendants bear a heavy burden to show good cause for quashing a third-party subpoena.  *Hodgdon v. Nw. Univ.*, 245 F.R.D. 337, 341 (N.D. Ill. 2007); *see also Wollenburg. v. Comtech Mfg. Co.*, 201 F.3d 973, 977 (7th Cir. 2000) (motion to quash is within the district court's discretion).  This burden has not been met here.  Notably, Defendants do not deny that their Facebook accounts contain relevant documents.  Without question, the subpoena clearly seeks highly relevant information that is critical to Bridgetree's case.  Bridgetree simply desires to ensure that it receives all of the Defendants' relevant communications and it has no interest in Defendants' irrelevant private communications or truly privileged documents.  Therefore, Bridgetree does not object to modifying its subpoena so that third party documents are produced to Defendants' counsel for screening prior to receipt by Bridgetree's counsel.

## V. The Documents Requested By Subpoena May Include Documents Not Immediately Accessible By Logging Into Defendants' Accounts, And Therefore Overlooked While Responding To Bridgetree's Discovery Requests

Facebook may have documents that are not presently or never were available to Defendants by simply logging into their accounts and reviewing their current messages and "Facebook wall." The assistance of Facebook, for instance, may provide recovered copies of deleted content that is relevant to this case. Defendants' ability to consent to disclosure of documents by Facebook, however, clearly indicates that the subject documents are in the joint "possession, custody or control" of Defendants and Facebook within the meaning of both Rules 34(a)(1) and 45(a)(1)(iii). *City of Seattle*, 2008 US Dist. LEXIS 108533, at *2-5. Therefore, the motion to quash should be denied so that Facebook may provide requested documents subject to a mutually agreeable protocol negotiated between the parties.

## VI. Conclusion

Bridgetree respectfully requests that Defendants' motion to quash the Facebook subpoena be denied and the attached proposed Order be entered. Bridgetree further requests that this Court issue an Order directing Defendants to consent to the production of the requested documents and information. In the alternative, Bridgetree asks that the Court defer any decision regarding Defendants' Motion until ongoing negotiations are completed.

Dated: January 6, 2011                                  FITCH, EVEN, TABIN & FLANNERY


                                                        /s/ Jon A. Birmingham
                                                        Jon A. Birmingham
                                                        Attorney for Plaintiff